(No. 89-CC-2015—

Edward A. Scott, Claimant, v. The State of Illinois, Respondent.

*Order filed November 28, 1989.*

*Order on petition for rehearing filed December 21, 1994.*

Edward A. Scott, *pro se*, for Claimant.

Roland W. Burris, Attorney General (Robert J. Sklamberg, Assistant Attorney General, of counsel), for Respondent.

## ORDER

Montana, C.J.

Claimant, Edward Scott, brought this claim seeking payment in the amount of $3,000 for legal services rendered to the Medical Center Commission during the period of time between July 1, 1986, through August 29, 1986. He alleged that he made many demands for payment but has never been paid.

The parties filed a joint stipulation wherein they agreed to the following:

(1) Scott performed legal services for the Commission in July and August of 1986 as a special assistant Attorney General.

(2) Scott presented bills for this work to the Commission but these have not been paid.

(3) The amount of the bills are reasonable and fair; and conform to the usual and ordinary charges in the State of Illinois for the work done by Scott.

(4) Scott is justly entitled to the amount claimed for the work done for the Commission.

The claim is now before the Court for approval of the stipulation.

This Court is not bound by such stipulations, and we are unable to approve the one at bar for two reasons. First, an issue involving jurisdiction exists. Although neither party addressed it, an issue involving jurisdiction may be raised at any time and by the Court. The Medical Center Commission was created by the Medical Center District Act. (70 ILCS 915/0.01 *et seq.*) In relevant part the statute (section 2) provides:

"There is hereby created a body politic and corporate under the corporate name of Medical Center Commission, hereinafter called the Commission, [and by that name it]

° ° °

"° ° ° shall have perpetual succession, power to contract and be contracted with, *to sue and be sued except in actions sounding in tort*, to plead and be impleaded, to have and use a common seal, and to alter the same at pleasure. *All actions sounding in tort against the Commission shall be prosecuted in the Court of Claims.* ° ° °" (Emphasis added.) 70 ILCS 915/2.

In his complaint at paragraph 2, Claimant alleged that the claim is based on contract. The jurisdictional issue is whether a contract claim against the Medical Center Commission may be brought in the Court of Claims.

Our research did not reveal any cases in the Court of Claims expressly holding one way or the other. The Illinois Supreme Court in *Williams v. Medical Center Comm.* (1975), 60 Ill. 2d 389; 328 N.E.2d 1, did discuss the tort immunity provision of the statute but did not comment on whether contract cases may be brought in the Court of Claims. In its treatment of the issue, the supreme court cited section 4 of Article XIII of the Constitution of 1970 which states: "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." The General Assembly did expressly single out tort claims in section 2 of the Act, stating that they must be brought in the Court of Claims. The General Assembly could have, but did not, provide that any other types of lawsuits must be brought in the Court of Claims. The argument could be made that, by including one but not any others, the General Assembly did not intend to grant the Medical Center Commission any other immunity. An examination of the Claimant's billings attached to his complaint does indicate that the Medical Center Commission has been made a defendant in other courts.

However, the departmental report (which was compiled by the Medical Center Commission and offered as *prima facie* evidence of the facts contained therein pursuant to section 790.140 of the Court of Claims Regulations (74 Ill. Adm. Code 790.140) indicates that the Medical Center Commission would have paid the Claimant with funds appropriated by the legislature for fiscal year 1987. Such funds have lapsed and there is no question that this Court has jurisdiction to hear and decide claims for lapsed appropriations.

Assuming (without deciding) that this Court has jurisdiction over the claim, we would be constrained to deny it anyway. The departmental report indicates that the funds with which the claim could have been paid were appropriated in line item appropriation number 839-5701-1200-0000 for contractual services. The report further indicates that the Medical Center Commission spent this appropriation down to virtually nothing. Although the report indicates that funds were available for transfer under section 13.2 of the State Finance Act (the two percent transfer statute, 30 ILCS 105/13.2), from line item appropriation number 839-571-01-6-600-0000 for Acquisition of Land, said line item does not appear to be transferable under that statute. Thus even if we were to assume jurisdiction over the claim, we would have to deny it due to lack of sufficient lapsed appropriation.

We note that the Medical Center Commission, in response to question number 7 in the departmental report which asked why the claim was still unpaid, stated "Claim was disputed but is now resolved. Now the MCC is merely seeking funds to pay it." For this Court to provide those funds by way of an award would be tantamount to making an appropriation. We find that the parties, or either of them, should seek the funding for the settlement

from the legislature. According to the Constitution, not only is this Court's jurisdiction conditioned on what the legislature provides, appropriation of funds is also the prerogative of the legislature. For purposes of possible consideration of this matter by the legislature, we find that the record indicates that the Claimant did provide the services at a price which was fair and reasonable, if not low, for attorney time. We further find that the Claimant did not file a copy of his contract with his complaint as required by section 790.50(c) of the Court of Claims Regulations. (74 Ill. Adm. Code 790.50(c).) From the record before us, a written contract for the services would have been required under section 9.01 of the Illinois Purchasing Act (30 ILCS 505/9.01), and the failure to comply with said statutory requirement would render any contract void under section 10 of the Illinois Purchasing Act.

Accordingly, it is hereby ordered that this claim be, and hereby is, dismissed.

## ORDER

SOMMER, C.J.

This cause coming to be heard on the petition for rehearing filed by the Claimant, due notice having been given, and this Court being fully advised, finds:

(1) That the departmental report indicates that the Claimant would have been paid from the F.Y. 1987 contractual services appropriation.

(2) That $4.87 remained unspent in the contractual services appropriation for F.Y. 1987.

(3) That funds remaining in the acquisition of land appropriation for F.Y. 1987 are not transferable to the contractual services appropriation. 30 ILCS 105/132.

(4) That this Court may not grant an award for services performed where no funds remain in the relevant appropriation line, or can be transferred thereto. *Graham, O'Shea, & Hyde v. State* (1983), 44 Ill. Ct. Cl. 175.

(5) That no contract for professional services was filed with the Comptroller as required by law. 30 ILCS 505/9.01.

(6) That for the reasons cited above this Court cannot pay this claim.

(7) That the Claimant's remedy is presentation to the General Assembly.

(8) That this Court's previous denial of this claim was a correct application of the facts to the law.

It is therefore ordered that the petitioner's motion for reconsideration is denied.